UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LORI WATTAWA,<br><br>              Plaintiff,<br><br>v.<br><br>KEVIN MCALEENAN, Acting Secretary, Department of Homeland Security; and MARK MORGAN, Acting Director, Department of Homeland Security,<br><br>              Defendants. | Case No. 19-cv-1535 (PAM/ECW)<br><br>**REPORT AND RECOMMENDATION** |

In 2014, Lori Wattawa filed an action against the Department of Homeland Security ("DHS"), the Secretary of the DHS, and several other defendants alleging that the DHS discriminated against her during the course of her employment. That action was eventually dismissed with prejudice pursuant to a settlement agreement. *See Wattawa v. Johnson*, No. 14-cv-4853, Dkt. No. 32 (D. Minn. Oct. 13, 2015) (order of dismissal). Wattawa brings this action renewing those discrimination claims and further alleging that employees of the DHS have harassed and assaulted her during and following the conclusion of her employment.

     Wattawa did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. (*See* Dkt. No. 2.) That IFP application must be considered before any other action may be taken in this matter.

After review, this Court concludes that Wattawa qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

As mentioned above, Wattawa's complaint in this matter raises two categories of claims. The first category of claims concerns alleged discrimination during the course of her employment with the DHS. By separate order, this Court will grant Wattawa's IFP

application and allow this matter to proceed with respect to her employment discrimination claims.[1]

The second category of claims raised by Wattawa in the complaint concern allegedly tortious behavior (assault, harassment, and the like) by agents of the DHS during her employment and thereafter. Those claims should be dismissed without prejudice at the outset of this proceeding. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), provides the exclusive remedy for "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1); *accord United States v. Smith*, 499 U.S. 160, 162-63 (1991). A claim under the FTCA, however, must be brought against the United States itself, not the agency or employee at issue. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 477-78 (1994). Insofar as Wattawa seeks relief from defendants Kevin McAleenan and Mark Morgan for allegedly tortious behavior committed during the course of their employment, she must seek relief from the United States government itself (after exhausting available administrative remedies, *see Mader v. United States*, 654 F.3d 794,

---

[1] "Final judgment on the merits of an action precludes the same parties from relitigating issues that were or could have been raised in that action." *Lundquist v. Rice Memorial Hospital*, 238 F.3d 975, 977 (8th Cir. 2001). Wattawa's prior federal lawsuit alleging employment discrimination by the DHS and its officers was dismissed with prejudice on the consent of the parties. That said, it is not clear from the documents submitted to (or otherwise available to) this Court that the dismissal of Wattawa's prior lawsuit fully precludes her from raising employment discrimination claims in this proceeding. Nothing in this report and recommendation is intended to foreclose any motion based on claim or issue preclusion.

800-01 (8th Cir. 2011)), not from those individuals. Further, even if Wattawa were to argue that the allegedly tortious behavior extended beyond the scope of the office or employment of the agents who committed that misconduct (and thus that the FTCA does not provide the exclusive judicial remedy for the claims raised), Wattawa does not allege that McAleenan or Morgan themselves were personally involved in the allegedly tortious behavior, and thus she has not stated a claim for relief against those individuals either under state law or, to the extent that the conduct is alleged to violate Wattawa's constitutional rights, under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); *see also Buford v. Runyon*, 160 F.3d 1199, 1203 n.7 (8th Cir. 1998).

Accordingly, the tort claims raised by Wattawa in her complaint cannot proceed at this time, and it is recommended that those claims be dismissed without prejudice.[2] Wattawa's IFP application will be granted by separate order with respect to her employment discrimination claims.

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED** that all claims raised by plaintiff Lori A. Wattawa not related to

---

[2] The substance of those tort and tort-like claims cannot be easily summarized. For sake of clarity regarding which claims, specifically, are being recommended for dismissal: (1) all claims regarding stalking, harassment, or physical assault by DHS officers following Wattawa's termination; (2) all claims regarding loss of personal property due to the alleged actions of DHS officials; and (3) all claims of emotional distress, except insofar as Wattawa may be entitled to damages for such distress as part of her employment discrimination claims.

alleged discrimination during the course of her employment be **DISMISSED**

**WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

   Dated: July 22, 2019                        *s/Elizabeth Cowan Wright*
                                                ELIZABETH COWAN WRIGHT
                                                United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).