UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lori Wattawa,                                              Civ. No. 19-1535 (PAM/ECW)

                      Plaintiff,

v.                                                         **MEMORANDUM AND ORDER**

Kevin McAleenan, Acting Secretary,
Department of Homeland Security, and
Mark Morgan, Acting Director,
Department of Homeland Security,

                      Defendants.

---

This matter is before the court on the July 22, 2019, Report and Recommendation ("R&R") of United States Magistrate Elizabeth Cowan Wright. (Docket No. 14.) Plaintiff filed timely objections to the R&R. (Docket No. 17.) The Court must conduct a de novo review of any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. LR 72.2(b).

**BACKGROUND**

The full factual background of this matter is set forth in the R&R. Plaintiff is a former employee of U.S. Immigration and Customs Enforcement ("ICE"), an agency under the Department of Homeland Security ("DHS"). Plaintiff raises a series of claims in her Complaint, which can be divided into two categories: (1) alleged employment discrimination by DHS based on gender, age, disability, religion, and other statuses; and (2) tortious conduct by DHS and ICE agents. Plaintiff previously initiated a lawsuit against DHS in 2014, also alleging employment discrimination. That matter was

dismissed with prejudice pursuant to a stipulation of dismissal. See Wattawa v. Johnson, No. 14-cv-4853, Docket No. 32 (D. Minn. Oct. 13, 2015).

The R&R recommends that Plaintiff's employment discrimination claims be allowed to proceed but that Plaintiff's tort claims against Defendants must be dismissed because Plaintiff failed to file those claims under the Federal Tort Claims Act ("FTCA"). Plaintiff filed objections that largely reiterate claims from her earlier lawsuit or repeat instances of "torture" by DHS as described in the Complaint. (See Pl's Obj. (Docket No. 17).) After de novo review, and for the reasons set forth below, the Court overrules Plaintiff's objections and adopts the R&R in part.

**DISCUSSION**

**A.     Employment Discrimination Claims**

While the R&R acknowledges that there may be preclusion issues at play given the disposition of Plaintiff's earlier lawsuit, the R&R nevertheless recommends allowing Plaintiff's employment discrimination claims to proceed because "it is not clear from the documents . . . that the dismissal of Wattawa's prior lawsuit fully precludes her from raising employment discrimination claims in this proceeding." (R&R at 3.) However, the Court finds that Plaintiff's discrimination claims are barred by res judicata.

Under federal law, res judicata applies when "'(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action.'" Elbert v. Carter, 903 F.3d 779, 782 (8th Cir. 2018) (quoting Costner v. URS Consultants, Inc., 153 F.3d 667, 673 (8th Cir. 1998)). The first

factor is met, as the earlier case was dismissed with prejudice pursuant to a settlement agreement and thus constitutes a final judgment on the merits. And Plaintiff has not challenged that the Court had proper jurisdiction over her previous lawsuit. Therefore, the relevant issues are whether both suits involve the same parties, and whether the suits are based on the same claims or causes of action.

The parties in the two suits are in privity, and therefore the third Elbert factor is satisfied. In both cases, Plaintiff filed suit against DHS officers in their official capacities. (Compare Wattawa v. Johnson, No. 14-cv-4853 (Defendants include Jeh Johnson and Janet Napolitano, Secretaries of DHS) with Wattawa v. McAleenan, No. 19-cv-1535 (Defendants are Kevin McAleenan, Acting Secretary of DHS, and Mark Morgan, Acting Director of DHS)). "Litigation involving the government is generally binding with respect to governmental officials who are sued in their official capacities in later actions." Headley v. Bacon, 828 F.2d 1272, 1279 (8th Cir. 1987). More specifically, the Eighth Circuit has found privity between officials of the same government agency who are sued in their official capacities. Micklus v. Greer, 705 F.2d 314, 317 (8th Cir. 1983). Because Plaintiff is once again suing DHS officers in their official capacities, and is in fact suing officers who share the same or similar positions as the officers in her prior lawsuit, the Court finds that privity exists between the parties.

Furthermore, Plaintiff's present employment discrimination claims are the same as those from her earlier lawsuit. There are countless repeated claims between the two complaints. And although some claims may be based on new facts, "whether two claims are the same for res judicata purposes depends on whether the claims arise out of the

same nucleus of operative fact or are based upon the same factual predicate." Murphy v. Jones, 877 F.2d 682, 684-85 (8th Cir. 1989). Plaintiff's coherent claims for employment discrimination all stem from the same period of time as those in her prior lawsuit, approximately 2009 to 2014. Therefore, Plaintiff's employment discrimination claims regarding DHS or ICE from that time period are barred because such claims are "based upon the same factual predicate" as her earlier lawsuit. Murphy, 877 F.2d at 685.

Plaintiff's "new" claims fare no better. "It is well settled that claim preclusion does not apply to claims that did not arise until *after* the first suit was filed." Baker Grp., L.C. v. Burlington N. & Santa Fe Ry. Co., 228 F.3d 883, 886 (8th Cir. 2000) (emphasis in original). Although Plaintiff's new complaint adds claims that allegedly arose in 2015, 2016, 2017, and 2018, most of these claims relate to Plaintiff's Equal Employment Opportunity Commission proceedings, various appeals, and dealings with her lawyer, not to any new alleged discrimination perpetrated by DHS or ICE.

Plaintiff's new claims that do not relate to her court proceedings are also either inapplicable, incoherent, or entirely implausible. (See, e.g., Compl. (Docket No. 1) at 5, 6, 17 (alleging that DHS is engaging in retaliation and discrimination by following Plaintiff and using "no-touch sound torture" emanating from Verizon towers and nearby churches, causing her hearing loss and illness).) Plaintiff's objections further evidence that these instances of "torture" are the predicate for her new discrimination claims. But even if these facts went to the issue of employment discrimination, they still must be sufficient to "raise a right to relief above the speculative level," and they must "state a

claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). Plaintiff's claims utterly fail in both regards.

Because Plaintiff has failed to allege any new, plausible claims of employment discrimination, the Court finds that Plaintiff's Complaint is based on the same claims and cause of action as her earlier lawsuit. Her employment discrimination claims are thus barred by res judicata as pleaded and are insufficient to state a claim for relief in any event. However, Plaintiff remained employed at DHS for at least some period of time following the dismissal of her earlier case. Her employment discrimination claims could be amenable to repleading, provided she can allege applicable and plausible instances of discrimination that occurred after the conclusion of her earlier lawsuit. Accordingly, Plaintiff's employment discrimination claims are dismissed without prejudice.

**B.     Tort Claims**

The R&R correctly held that Plaintiff's tort claims against DHS and ICE employees must be dismissed without prejudice. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 et seq., provides the exclusive remedy for "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). And under the FTCA, only the United States (not individual federal employees) can be properly sued. Id. Plaintiff has not named the United States as a Defendant nor does she seek relief from the United States government itself. She further has not alleged that the Defendants named in this action engaged in any tortious behavior in their personal capacities, which may give rise to other

avenues for relief.  (See R&R at 4.)  Plaintiff's tort claims fail as a matter of law, and those claims are dismissed without prejudice.

**CONCLUSION**

Plaintiff has not alleged any new, plausible claims of employment discrimination that differ from those alleged in her prior lawsuit, and thus those claims are barred by res judicata.  Additionally, Plaintiff has not brought her tort claims under the FTCA as federal law requires.  Accordingly, **IT IS HEREBY ORDERED** that:

1. The R&R (Docket No. 14) is **ADOPTED in part**;
2. This matter is **DISMISSED without prejudice**;
3. Plaintiff's Motion for Injunction (Docket No. 9) is **DENIED as moot**; and
4. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Docket No. 2) is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 20, 2019               *s/ Paul A. Magnuson*
                                      Paul A. Magnuson
                                      United States District Court Judge